IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS ANIBAL GOMES FERNANDES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SERGIO DAVID GOMES FERNANDES, et al., <br><br> Defendants. | CIVIL NO. 21-1602 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The present case is the next chapter in the continuing saga of a claim for collection of monies that had been previously filed before this Court. Plaintiffs are Luis Anibal Gomes Fernandes, Karol Sabrina Gomes, and their conjugal partnership; Carolina María Gomes Fernandes, Rodrigo José García Borberly and their Conjugal partnership, and the Estate of Víctor Manuel Fernandes da Silva (collectively "Plaintiffs"). Plaintiffs aver they made a series of loans to Defendant Sergio David Gomes Fernandes ("Gomes Fernandes") throughout the years which he promised to repay with interest and then defaulted. Juan Guillermo Herrans Barrera ("Herrans") and Sandy Feet Development Corp. ("Sandy Feet") are additional co-Defendants that Plaintiffs assert colluded with Gomes Fernandes to deprive them of the monies they are rightfully owed (collectively "Defendants"). (Docket No. 1).

Plaintiffs proffer Gomes Fernandes transferred shares of Sandy Feet to Herrans to be unable to satisfy a judgment Plaintiffs later obtained against him. Plaintiffs seek rescission of that transfer under Article 1246 of the Puerto Rico Civil Code, P.R. Laws Ann.

tit. 31, §3495 (1930)[1], as they claim the transaction was done to defraud them as creditors. This is known under the Civil Code as an "acción pauliana." (Docket No. 1).

All Defendants filed individual motions to dismiss where they contend that Plaintiffs have failed to state a claim for which relief can be granted and request dismissal of the case against each one of them.

Co-Defendant Sandy Feet avers that it was only included in the Complaint because it was the entity that transferred the shares from Gomes Fernandes to Herrans but there are no specific allegations of misfeasance made against it in the Complaint. Thus, Sandy Feet asks for dismissal because it had no participation in the alleged actions that gave rise to this case. (Docket No. 14). Plaintiffs respond in opposition that the Complaint included a shareholder's derivative action against Sandy Feet and, as such, it is an indispensable party to this case. (Docket No. 18).

Co-Defendant Herrans argues that dismissal against him is warranted because the Complaint alleges he is jointly and severally liability due to marriage with Gomes Fernandes and he is unmarried. Secondly, he argues that Plaintiffs' threadbare allegations are insufficient to establish the transaction in question was fraudulent because contracts are presumed valid and legal if they comply with the formalities of their creation. In addition, Herrans avers that the rescission of a contract for creditors' fraud is the exception not the rule, and Plaintiffs have failed to meet the threshold requirements for such an exceptional remedy. (Docket No. 15). Plaintiffs argue in opposition that the fact that Gomes Fernandes lacks assets to pay his creditors must be considered in their

---

[1] The Puerto Rico Civil Code was amended in 2020. However, the causes of action pertaining to this case arose when the previous Code was still in effect. For this reason, the Court analyzes the issues in this case under the provisions of the 1930 Civil Code. P.R. Laws Ann., tit. 31 §§ 11717, 11720 (2020).

favor at this stage and this is sufficient for the Court to infer that the shares were transferred in fraud of creditors. (Docket No. 17).

Finally, co-Defendant Gomes Fernandes proffers that the transfer was a valid, legal obligation and Plaintiffs have presented only conclusory statements to rebut this. He also argues that Plaintiffs failed to comply with Fed.R.Civ.P. 9(b) which requires fraud to be pleaded with particularity. Finally, he avers that this Court entered a judgment for the same nucleus of operative facts in Civil No. 18-1176 (DRD), that is final and firm and *res judicata* therefore applies, as the allegations in this case should have been brought in Civil No. 18-01176 (DRD). (Docket No. 19). Plaintiffs argue in opposition that they have clearly pleaded facts establishing the "who, what, when, where, and how" of Defendants' fraudulent actions in this case, and that *res judicata* is inapplicable as there is no privity or identity of parties in both cases. (Docket No. 29).

For the reasons explained below, the Court finds Plaintiffs have failed to state a claim upon which relief can be granted as to Sandy Feet and DISMISSES WITH PREJUDICE the claims against it. In addition, the Court finds that Plaintiffs have failed to establish the necessary and specific requirements for the rescission of a contract for creditors' fraud. As that is the main cause of action Plaintiffs pleaded in their Complaint, the Court DISMISSES WITHOUT PREJUDICE this case as to Herrans and Gomes Fernandes.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant

with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

**STATEMENT OF FACTS**

The Court accepts Plaintiffs' allegations as true for purposes of the motion to dismiss. Ponsa-Rabell v. Santander Sec., LLC, 35 F.4th 26, 30 (1st Cir. 2022); O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).

Case 3:21-cv-01602-CVR   Document 33   Filed 02/03/23   Page 5 of 14

Luis Anibal Gomes Fernandes, et al., v. Sergio David Gomes Fernandes, et al.
Opinion and Order
Civil No. 21-1602 (CVR)
Page 5
_____

Throughout the years, Defendant Gomes Fernandes borrowed certain sums of money from Plaintiffs through different transactions which he ultimately failed to pay. As a result thereof, Plaintiffs herein filed a case in this Court against Gomes Fernandes for collection of monies, Civil No. 18-1176 (DRD). No claims were brought against Sandy Feet or Herrans at that time. After dispositive motion practice, on December 21, 2020 the Honorable Daniel R. Domínguez issued a final judgment where it held the debts therein (the same claimed here) were all enforceable, and found Gomes Fernandes liable to all Plaintiffs. (Docket No. 128). That judgment is the focus of the present claim. All Plaintiffs in the present case were all plaintiffs in Civil No. 18-1176 (DRD), and now seek to collect the award in said case from Defendant Gomes Fernandes.

Plaintiffs posit in the case at bar that on January 23, 2019, while Civil No. 18-1176 (DRD) was ongoing, Defendants carried out a transaction aimed at defrauding them by executing a "Release of Shares in Satisfaction of Debt" (the "Release of Shares"). The Release of Shares was executed between co-Defendants Gomes Fernandes and Herrans, where the former transferred to the latter certain shares of Sandy Feet valued at over two million dollars to allegedly satisfy a pre-existing debt. The Court notes that, although Plaintiffs became aware of this transaction through discovery in that case, they remained silent and did not object or otherwise inform the Court about any possible misfeasance at that time.

Almost a full year after judgment was entered in their favor in Civil No. 18-1176 (DRD), Plaintiffs brought forth the present case arguing that the Release of Shares was executed for the purpose of diluting or reducing Gomes Fernandes' assets so he could

avoid satisfaction of that judgment.[2] Plaintiffs additionally brought suit against Sandy Feet and Herrans as co-Defendants in the present case, alleging they participated in Gomes Fernandes' illegal scheme to defraud them. Their Complaint at his time asks the Court to rescind the Release of Shares between Gomes Fernandes and Herrans so they can collect their award from Gomes Fernandes.

## LEGAL ANALYSIS

**A. Co-Defendant Sandy Feet.**

Co-Defendant Sandy Feet avers the Complaint contains no specific allegations against it, just general and conclusory statements about its alleged joint actions with the co-Defendants to defraud Plaintiffs. In essence, Sandy Feet contends that the Complaint contains no details of its participation in the allegedly fraudulent actions between Gomes Fernandes and Herrans (and upon which Plaintiffs' claim is based). Thus, Sandy Feet asks for dismissal of the instant case. (Docket No. 14).

In turn, Plaintiffs argue that Sandy Feet is an indispensable party to this case because the Complaint included a shareholder's derivative action against it. While it is true that a corporation is an indispensable party in a case involving a shareholder's derivate suit, that is not the case here.

A shareholder's derivative suit is brought "to enforce a corporate cause of action against officers, directors, and third parties." Ross v. Bernhard, 396 U.S. 531, 534, 90 S.Ct. 733, 736 (1970). It is brought by a shareholder of a corporation to assert corporate rights when the corporation itself cannot or will not enforce them on its own behalf, and

---

[2] This case was therefore filed almost two (2) years after the Release of Shares.

Case 3:21-cv-01602-CVR   Document 33   Filed 02/03/23   Page 7 of 14

Luis Anibal Gomes Fernandes, et al., v. Sergio David Gomes Fernandes, et al.
Opinion and Order
Civil No. 21-1602 (CVR)
Page 7
_____

its purpose is to "place in the hands of the individual shareholder a means to protect the interests of the corporation from the misfeasance and malfeasance of 'faithless directors and managers.'" Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 95, 111 S. Ct. 1711, 1716 (1991) (*quoting* Cohen v. Beneficial Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 1226 (1949)).

The Complaint filed by Plaintiffs in this case utterly fails to mention any shareholder's derivative suit or indispensable parties in its factual allegations or in its prayer for relief. The Complaint limits its allegations versus Sandy Feet to indicating that the Release of Shares was executed between Gomes Fernandes' and Herrans and that this was fraudulently done to deceive Plaintiffs. No actual wrongdoing was alleged against the corporation as such.

Furthermore, in no uncertain terms, Fed. R. Civ. P. 23.1(b)(1) clearly requires that a complaint in a shareholder's derivative suit state that a plaintiff was a shareholder or member of the corporation at the time of the transaction complained of. See Fed. R. Civ. P. 23.1(b)(1). A plaintiff otherwise lacks standing to bring forth this type of claim. There is no evidence or allegation that Plaintiffs were Sandy Feet's shareholders at the time of the Release of Shares. Therefore, they are unable to bring a shareholder's derivative suit against the corporation.

In sum, Plaintiffs have failed to state any claim upon which relief can be granted against Sandy Feet. Consequently, Sandy Feet's Motion to Dismiss (Docket No. 14) is GRANTED and all claims filed against Sandy Feet are DISMISSED WITH PREJUDICE.

### B. Co-Defendant Herrans.

Co-Defendant Herrans claims in his Motion to Dismiss that he cannot be held jointly and severally liable with Gomes Fernandes, that the allegations are insufficient to establish fraud and that Plaintiffs failed to comply with the requirements of an "acción pauliana." (Docket No. 15). The Court limits its analysis and finds that the "acción pauliana" is dispositive of this case on the merits. As such, the Court does need to address the remaining issues raised by Co-Defendant Herrans in his Motion to Dismiss.

Under Puerto Rico law, the rescission of duly executed contracts is an exceptional remedy reserved for extreme circumstances, and rescission actions must therefore comply with a specific pleading standard. Sucesión Almazán v. López, et al., 20 D.P.R. 537, 1914 WL 5079 at *2 (Jun. 4, 1914); Martínez v. Sucrs. de Cosío & Primo, 38 D.P.R. 240, 1928 WL 6408 at *1 (May 31, 1928).

Under the freedom of contract principle "the contracting parties may establish the agreements, clauses, and conditions they may deem convenient, provided that they are not contrary to law, morals, or public order." P.R. Laws Ann. tit. 31, § 3372 (1930); Soc. de Gananciales v. Vélez & Asoc., 145 D.P.R. 508, 516-17 (1998). The Puerto Rico Civil Code states that contracts subject to rescission include "[t]hose executed in fraud of creditors, when the latter cannot recover, in any other manner, what is due to them", and that "the action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury." P.R. Laws Ann. tit. 31, §§ 3492, 3495 (1930).

Given its special subsidiary nature, the Supreme Court has stated that a complaint to rescind a contract due to creditor fraud must include the following allegations: 1) the

plaintiff is truly defendant's creditor; 2) the defendant conveyed his assets in fraud of his creditor; 3) the plaintiff has been prejudiced because of that conveyance; and 4) the plaintiff has no other legal remedy to repair the suffered prejudice than to request the rescission of the contract. De Jesús Díaz v. Carrero, 112 D.P.R. 631 (1982); Nine v. Avilés, 53 D.P.R. 494, 1938 WL 7237 at *3 (Jul. 13, 1938); The Texas Co. (Puerto Rico), Inc. v. Estrada y Alvarez, 50 D.P.R. 743, 1936 WL 6124 at *5 (Dec. 18, 1936); Sucesión Almazán, 1914 WL 5079 at*2.

The fourth requirement must be read in conjunction with Article 1064 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 3028, which indicates that "[c]reditors, after having attached the property of which the debtor may be in possession, in order to collect all that is due them, may exercise all the rights and actions of the latter for the same purpose, excepting those inherent in his person; they may also impugn the acts which the debtor may have performed in fraud of their right." P.R. Laws Ann. tit. 31, §3028 (1930). In other words, to bring forth an action to rescind a contract, creditors must first exhaust all avenues and attempt to collect against any other property or assets the debtor may possess. It is only after this attempt is made that a plaintiff may attempt to invalidate any fraudulent actions that Defendant may have performed that affected their rights.

The Supreme Court of Puerto Rico has elaborated on this "exhaustion" requirement, holding that Plaintiffs must allege that the plaintiffs actively sought out all of the defendant's properties to collect his debt before filing an action to rescind a contract. González v. López Quiñones, 46 D.P.R. 843, 1934 WL 4789 at *17 (Jun. 4, 1934). In Nine, the Puerto Rico Supreme Court examined the appliable Civil Code articles in detail and established that the exhaustion allegations must appear explicitly in the

complaint, because "[t]he mere difficulty on the creditor's part [to collect his debt] is not sufficient." Nine, 1938 WL 7237 at*3. Therefore, it is evident that a complaint must contain specific allegations of insolvency, and a plaintiff must have previously attempted to collect from a debtor and must have exhausted all avenues of collection. If a plaintiff has not previously sought out all of the debtor's assets or property (the Puerto Rico Supreme Court calls this "perseguir todos los bienes"), then a plaintiff has not suffered any damages, for the "real damage [...] is created by the impossibility of payment." González, WL 4789 at 26.

Applying the above to the case at bar, the Court finds Plaintiffs have not complied with the threshold elements to bring forth an "acción pauliana" in fraud of creditors. As to the first element, that Plaintiffs are truly Defendants' creditors, it is evident that it is not met, as Plaintiffs are creditors only as to Defendant Gomes Fernandes and not to Sandy Feet or Herrans, as only Gomes Fernandes borrowed money from Plaintiffs.

The Court additionally finds that the fourth element is not met, that Plaintiffs have no other legal recourse other than to request the rescission of the contract. Plaintiffs' Complaint lacks allegations of insolvency or that Plaintiffs exhausted all available means to collect their judgment. The Complaint does not mention what efforts, if any, they made to collect the moneys they are allegedly owed before moving this Court for the rescission of the Release of Shares. Rather, they simply pled that the Release of Shares was executed "for the purpose of vanishing assets of the debtors, and defrauding Plaintiffs." (Docket No. 1, ¶ 53). This allegation, even if taken as true for purposes of the pending motion to dismiss, is far from an exhaustive search or of "seeking out" of all of Gomes Fernandes' possessions and assets that the Puerto Rico Supreme Court has indicated is required. It

seems to the Court that Plaintiffs took the easy way out and chose to file a new case, instead of focusing their efforts on searching for assets they could seize or attach. As the Puerto Rico Supreme Court established in Nine, difficulty to collect a judgment is not enough. Nine, 1938 WL 7237 at *3.

Furthermore, Plaintiffs only address this matter briefly in their opposition to Herrans' Motion to Dismiss, where they allege in a conclusory fashion that "it is undisputed that SDGF [Gomes Fernandes] failed to retain sufficient assets to pay the indebted after engaging in the fraudulent transaction between himself and JGHB [Herrans]." (Docket No. 17, p. 6). No allegation as to this matter was even mentioned in the Complaint. Instead, Plaintiffs only offer, in their opposition and not in their Complaint, that they served a post-judgment interrogatory on Gomes Fernandes and his answers indicated he lacked sufficient funds. Plaintiffs apparently took at face value Gomes Fernandes' self-serving word that he owns nothing more than a car valued at $3,500.00 and has under $300.00 in his bank account (evidenced by *one* bank statement). It seems that this was enough to satisfy Plaintiffs that they could not collect. However, this is insufficient under Puerto Rico law, even at this stage, to rescind the contract.

Absent specific allegations as to Gomes Fernandes' insolvency and the substantial efforts Plaintiffs undertook to attempt to collect (the minimum being a petition for execution of judgment in Civil No. 18-1176 (DRD)), and that they have no other recourse to collect, this case cannot go forward. Thus, absent allegations of insolvency, details about Plaintiffs efforts to collect from Gomes Fernandes and their impossibility to do so,

Case 3:21-cv-01602-CVR   Document 33   Filed 02/03/23   Page 12 of 14

Luis Anibal Gomes Fernandes, et al., v. Sergio David Gomes Fernandes, et al.
Opinion and Order
Civil No. 21-1602 (CVR)
Page 12
_____

Plaintiffs' Complaint falls short as it fails to allege sufficient facts upon which the exceptional remedy of rescission of a contract in fraud of creditors may be granted.

In an attempt to avoid dismissal, Plaintiffs argue that the Release of the Shares creates a presumption of fraud and this is an inference which the Court must make in their favor at this juncture.  The Court disagrees with Plaintiffs.

Article 1249 of the Puerto Rico Civil Code provides that the transfer of assets through a contract with a debtor is presumed to be fraudulent to creditors if a judgment was issued against the debtor or if a writ of attachment for the seizure of property was issued *before* the transfer was effected.  "Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent."  P.R. Laws Ann. tit. 31, §3498 (1930).

The Release of Shares in question that was allegedly executed to defraud the Plaintiffs was entered into on January 23, 2019, during the pendency of the civil case before Judge Domínguez.  The Writ of Attachment issued in that case for Gomes Fernandes' interest in Sandy Feet, however, was not issued until seven (7) months after the transaction took place, on August 21, 2019.  A judgment dismissing the case was not issued until almost two (2) years after the transaction, on December 21, 2020.  Therefore, Article 1249 is inapplicable to the case at bar, as the Release of Shares was effected many months before any writ was issued and almost two (2) years before judgment was entered.  Thus, no inference under Article 1249 of the Civil Code may be drawn that the Release of the Shares was fraudulent.

The Court further notes that Plaintiffs never raised this issue or objected in Civil

Case No. 18-1176 (DRD), even though they were well aware that the Release of the Shares had been effected between Herrans and Gomes Fernandes via a filing Sandy Feet made in the case January 30, 2020 and through the production of documents ordered in that case. See Civil No. 18-1179 (DRD), Docket 101.

In sum, Plaintiffs have failed to comply with the pleading standards for rescission of a contract in fraud of creditors under Article 1246 of the Puerto Rico Civil Code ("acción pauliana"). As such, Co-Defendant Herrans' Motion to Dismiss (Docket No. 15) is GRANTED and all claims filed against him are DISMISSED WITHOUT PREJUDICE.[3]

### C. Co-Defendant Gomes Fernandes.

Co-Defendant Gomes Fernandes' Motion to Dismiss raises different issues than those raised by Co-Defendant Herrans in his Motion to Dismiss. However, the same reasoning explained in the section above related to Co-Defendant Herrans applies to the claims filed by Plaintiffs against Gomes Fernandes. Thus, Plaintiffs' claims against Gomes Fernandes' are DISMISSED WITHOUT PREJUDICE and his Motion to Dismiss is DENIED as moot. (Docket No. 19).

### CONCLUSION

For the above-mentioned reasons, Co-Defendants Sandy Feet and Herrans' Motions to Dismiss for failure to state a claim (Docket Nos. 14 and 15) are GRANTED and the Motion Dismiss filed by Co-Defendant Gomes Fernandes is DENIED AS MOOT. (Docket No. 19). Consequently, all claims filed by Plaintiffs against Co-Defendant Sandy

---

[3] In light of this conclusion, the Court does not reach any of the remaining arguments raised by co-Defendant Herrans.

Case 3:21-cv-01602-CVR   Document 33   Filed 02/03/23   Page 14 of 14

Luis Anibal Gomes Fernandes, et al., v. Sergio David Gomes Fernandes, et al.
Opinion and Order
Civil No. 21-1602 (CVR)
Page 14
_____

Feet are DISMISSED WITH PREJUDICE and all claims filed against Co-Defendants Herrans and Gomes Fernandes are DISMISED WITHOUT PREJUDICE

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 3rd day of February 2023.

                                         S/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ RIVE
                                         UNITED STATES DISTRICT JUDGE